Mark R. SCHARER, Plaintiff,

v.

BENICORP INSURANCE COMPANY; Henriott Financial Services, Inc. d/b/a Henriott Insurance; and David Blaauw, Defendants.

No. 4:03CV0082.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

Dec. 10, 2003.

Frederick R. Hovde, Indianapolis, IN, for Plaintiff.

Alice M. Morical, Andrew W. Hull, Hoover, Hull, Baker & Heath, LLP, Indianapolis, IN for Benicorp Ins. Co.

Michael E. Brown, Indianapolis, IN, for Henriott Financial Services, Inc.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

In Count I of Plaintiff's Complaint, Plaintiff alleges that Benicorp Insurance Company, ("Benicorp"), issued a major medical insurance plan to Don Scharer Masonry Inc., ("Scharer Masonry"), Group Policy No. A0015001-0, ("the Plan"). Plaintiff alleges that he was provided ben-efits under the Plan. Plaintiff further alleges that on or about March 23, 2002, he submitted a claim to Benicorp to pay for medical expenses incurred as a result of an accident he sustained on March 23, 2002. Plaintiff claims that Benicorp denied and refused to pay his medical expenses under the Plan, and is therefore seeking a judgment against Benicorp for an amount that will fully and fairly compensate him for his claim and for all other relief just and proper. Benicorp now moves to strike the Plaintiff's jury demand insofar as it relates to Count I of Plaintiff's Complaint against Benicorp, based on the premise that the Employee Retirement Income Security Act of 1974 ("ERISA"), affords no right to a jury trial. *See,* ERISA, 29 U.S.C. Section 1001, *et seq.*

By asserting a state law claim for a denial of benefits under an employee welfare benefit plan, Plaintiff is, according to Benicorp, attempting to assert an action recognized solely under ERISA. They further argue that by Plaintiff not challenging the removal of this action to this Court, Plaintiff is in essence, admitting that his claim arises solely under ERISA. Benicorp also filed a motion to dismiss any and all state law claims alleged in Plaintiff's Complaint, to which Plaintiff did not respond. This Court granted Benicorp's motion, and through that ruling, this Court held that Plaintiff's Complaint, as it pertains to Benicorp, shall be treated as a claim for wrongful denial of benefits under ERISA, 29 U.S.C. Section 1132(a)(1)(B).

Therefore, because ERISA affords no right to a jury trial in suits to recover benefits under 29 U.S.C. Section 1132, Benicorp's motion to strike Plaintiff's jury demand insofar as it relates to Count I of Plaintiff's Complaint against Benicorp, is hereby **GRANTED.** *See,* ERISA, 29 U.S.C. Section 1001, *et seq., see also,*

*Dwyer v. Unum Life Ins. Co. of America,* 2003 WL 22844234 (N.D.Ill. December 1, 2003); *Mathews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir.1998); *Wardle v. Central States, Southeast, Southwest Areas Pension Fund,* 627 F.2d 820, 830 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The Plaintiff's jury demand shall be stricken from Count I of Plaintiff's Complaint against Benicorp, as trials before a jury are not provided for under ERISA, 29 U.S.C. Section 1001, *et seq.*

**IT IS SO ORDERED.**